**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

PABLO NICOLAS
SOTOMAYOR NACIF,

       Plaintiff,

v.                                     Case No. 2:25-cv-197-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

       Defendant.

                                        /

## __OPINION AND ORDER__[2]

### __I.  Status__

Pablo Nicolas Sotomayor Nacif ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of mental health issues including depression, post-traumatic stress disorder, body

---

[1]     Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

dysmorphic disorder, and anxiety. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed May 9, 2025, at 61, 68, 75, 82, 170, 205.

On March 15, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of January 1, 2018. Tr. at 179-82 (DIB), 169-77 (SSI).[3] The applications were denied initially, Tr. at 60, 68-72, 97-100 (DIB); Tr. at 61-67, 73, 102-05 (SSI), and upon reconsideration, Tr. at 74, 75-80, 109-11 (DIB); Tr. at 81, 82-90, 113-15 (SSI). On February 1, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 32-54.[4] At the time of the hearing, Plaintiff was thirty-seven (37) years old. Tr. at 37. Following the hearing, on February 5, 2024, Plaintiff submitted a post-hearing memorandum with attached evidence including Department of Labor statistics from an Occupational Employment Survey. Tr. at 352-84. On March 11, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-25.

---

[3]     Both applications were actually signed April 29, 2021, Tr. at 182 (DIB), 177 (SSI), and the summaries are dated July 22, 2021, Tr. at 183 (DIB), 190 (SSI), but the protective filing date is listed elsewhere in the administrative transcript as March 15, 2021, Tr. at 68, 75 (DIB), 61, 82 (SSI).

[4]     The hearing was held via telephone with Plaintiff's consent. Tr. at 34-36, 116, 137-38, 153, 166.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his lawyer in support of the request. Tr. at 4-5 (Appeals Council exhibit list and order), 385-89 (brief), 167-68 (request for review). On February 12, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On March 10, 2025, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal raises four issues: 1) whether the VE's testimony containing "multiple inaudible portions" renders the Court unable to "make a meaningful review of said testimony" such that "Plaintiff has been prejudiced"; 2) whether the ALJ erred in "failing to address the post-hearing memorandum/objections and vocational evidence th[at] Plaintiff submitted"; 3) whether the ALJ's step-five findings regarding the number of jobs available in the national economy are supported by substantial evidence; and 4) whether the residual functional capacity ("RFC") assessment is sufficient when it does not include all of the limitations assigned by state-agency psychologist John Thibodeau despite the ALJ finding Dr. Thibodeau's opinion persuasive. Plaintiff's Memorandum of Law (Doc. No. 13; "Pl.'s Mem."), filed June 6, 2025, at 1; see id. at 8-10 (argument regarding issue one), 10-12 (argument regarding

3

issue two), 12-15 (argument regarding issue three), 15-20 (argument regarding issue four). On August 6, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing the issues.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the post-hearing vocational evidence submitted by Plaintiff (Plaintiff's issue two). On remand, this reconsideration may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

---

[5]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

(Continued…)

4

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 14-25. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 1, 2018, the alleged onset date." Tr. at 14. At step two, the ALJ found that Plaintiff "has the following severe impairments: major depressive disorder, social anxiety disorder, posttraumatic stress disorder (PTSD), body dysmorphia disorder, and borderline intellectual functioning." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

---

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform a full range of work at all exertion levels but with the following non-exertion[al] limitations: [Plaintiff] is able to understand, remember, and carry out simple, repetitive tasks; make judgments on simple work-related decisions in such work environment; interact appropriately with others in such work environment; concentrate, attend, and persist on tasks for two-hour periods and can adapt to occasional change in the workplace; and no strict time or high quota demands[.]

Tr. at 18 (emphasis and citation omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "cashier II" and a "stock clerk." Tr. at 23 (some emphasis and citation omitted). The ALJ proceeded to the fifth and final step of the sequential inquiry. Tr. at 23-25. After considering Plaintiff's age ("30 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 23-24, such as "Kitchen helper," "Counter supply worker," and "Dining room attendant." Tr. at 24 (citations omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from January 1, 2018, through the date of th[e D]ecision." Tr. at 25 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred in failing to address the post-hearing memorandum he submitted that challenged the VE's testimony about the numbers of jobs available in the national economy. Pl.'s Mem. at 1, 10-12. As noted previously, Plaintiff on February 5, 2024 submitted the post-hearing memorandum. Tr. at 352. In support of his argument that the numbers provided by the ALJ were inflated, Plaintiff provided certain statistics from the Department of Labor Occupational Employment Survey. Tr. at 352-84. According to Plaintiff, the ALJ "failed to address, discuss, or otherwise acknowledge [his] objections or evidence." Pl.'s Mem. at 11. Responding, Defendant contends that Plaintiff is inaccurate in his portrayal of the ALJ not acknowledging his post-hearing memorandum. Def.'s Mem. at 11. According to Defendant, the ALJ exhibited the memorandum and "explicitly overrule[d] Plaintiff's objections directly in the [D]ecision." Id. at 12.

To begin, Defendant is correct that the ALJ exhibited the post-hearing memorandum and explicitly addressed it in the Decision:

> The undersigned held the record open for submission of a post-hearing brief. The undersigned denies [Plaintiff's] requests in the post-hearing brief (Ex. 30E). While [Plaintiff] argues the job numbers are inflated, [Plaintiff] does not provide testimony or evidence as to how much the job numbers are inflated nor provide testimony as to the job numbers so that the undersigned may determine whether there is work that exists in significant numbers in the national economy.

8

> Thus, the undersigned relies on the testimony of the vocational expert.

Tr. at 12. Although the ALJ acknowledged the submission of the post- hearing memorandum, the ALJ refused to consider the job numbers relied upon by Plaintiff in the memorandum, because he did not view them as "testimony or evidence." Tr. at 12. The real question, then, is whether the ALJ's finding in this regard can be upheld under the relevant legal standards (not whether the ALJ failed to address the memorandum altogether).[6]

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d

---

[6]    Plaintiff cites authority in support of his argument that the ALJ's finding about "each DOT code, both individually and in combination, exist[ing] in significant numbers" was erroneous because the finding "was based on reliance o[n] the V[E]'s erroneous testimony." Pl.'s Mem. at 11-12 (citations omitted). Defendant, resting solely on the contention that Plaintiff was wrong factually in contending the ALJ did not consider the post-hearing memorandum, does not address this argument in any way. See Def.'s Mem. at 12.

9

at 1276 (citing 20 C.F.R. § 416.912(a), (c)). To remand for failure to develop evidence, the record must contain "evidentiary gaps which result in unfairness or clear prejudice." Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935).

The ALJ erred in electing not to consider the statistics relied upon by Plaintiff in the post-hearing memorandum, and clear prejudice resulted. Social Securing Ruling ("SSR") 96-9p provides, in part, that "[w]henever a VE is used, the [claimant] has the right to review and respond to the VE evidence prior to the issuance of a decision." See SSR 96-9P, 1996 WL 374185, at *9 n.8 (July 2, 1996); see also Whitney v. Saul, No. CV 18-11095-JCB, 2019 WL 4072021, at *9 (D. Mass. Aug. 29, 2019) (unpublished) (recognizing that submitting rebuttal vocational evidence is appropriate pursuant to SSR 96-9p). Courts have also found rebuttal evidence, like that at issue here, satisfies § 416.1435(b)(3) because a claimant cannot predict the VE's testimony. See Whitney, 2019 WL 4072021, at *9 (holding that "an unavoidable circumstance beyond [the plaintiff's] control prevented him from submitting the [rebuttal evidence] earlier 'since the claimant has no clue to what the vocational expert will testify until the end of the hearing'" (quoting Palombo v. Berryhill, No. 17-cv-284-LM, 2018 WL 3118286, at *5 (D.N.H. Jun. 25, 2018) (unpublished))); Patrick v. Saul, No. 1:18-CV-289-DBH, 2019 WL 3814283, at *2-4 (D. Me. Aug. 14, 2019) (unpublished) (finding the rebuttal evidence as an "unavoidable" circumstance for purposes of the 5-Day Rule); McClesky v. Astrue, 606 F.3d 351, 354 (7th Cir.

2010) (explaining that the "submission and consideration of post-hearing evidence are common in social security disability cases . . . since the claimant has no clue to what the vocational expert will testify until the end of the hearing").

The ALJ relied solely on the lack of "testimony or evidence" to reject Plaintiff's contention that the VE had inflated the numbers of jobs available in the national economy. Tr. at 12. But, Plaintiff did submit evidence in the form of the statistics. The ALJ at least should have considered such evidence in accordance with SSR 96-9p. "Although the ALJ is not required to afford Plaintiff's evidence substantial weight, [he or] she is required to consider it, especially if, as here, that evidence conflicts with the VE's testimony." Chesal v. Bisignano, No. 24-61087, 2025 WL 2884881, at *5 (S.D. Fla. Sept. 29, 2025) (quotations and citations omitted) (finding error in an ALJ's failure to acknowledge a post-hearing memorandum containing statistics that called into question a VE's testimony about the number of jobs available in the national economy). The ALJ's election not to consider the evidence here resulted in an evidentiary gap in the record and clear prejudice to Plaintiff.[7]

---

[7] The undersigned notes that Defendant does defend the ALJ's overall step five findings, arguing that the statistics provided by Plaintiff, even if "support[ive] of an alternative finding," are not determinative here. Def.'s Mem. at 17 (quotation and citation omitted). But, the main problem with the ALJ not substantively addressing these statistics is the Court is left attempting to analyze and apply raw vocational data to VE testimony. This job is better left for the ALJ in the first instance.

11

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the vocational evidence submitted by Plaintiff in the post-hearing memorandum;

(B) If necessary, address Plaintiff's other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 18, 2026.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

12